UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Petersmark,

        Petitioner,　　　　　　　　　　　Case Number: 24-11139
　　　　　　　　　　　　　　　　　　　　　　Honorable F. Kay Behm
v.

Fredeane Artis,[1]

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

    Petitioner Joseph Petersmark, currently in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his Oakland County Circuit Court extortion conviction, for which he is serving a sentence of 37 months to 20 years. Respondent has filed a motion to dismiss arguing that the petition was not timely filed. For the reasons discussed, the Court grants the motion to dismiss and declines to issue a certificate of appealability. The Court grants Petitioner leave to

---

[1] The proper respondent in a habeas case is the warden of the facility where the petitioner is incarcerated. See Rule 2(a), Rules Governing § 2254 Cases. Thus, the Court substitutes the warden of the prison where Petitioner is incarcerated, Fredeane Artis, as the respondent.

proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. *See* Fed. R. App. P. 24(a).

## I.  Background

Petitioner was charged in Oakland County Circuit Court with extortion, Mich. Comp. Laws § 750.21, malicious use of service provided by telecommunications service, Mich. Comp. Laws § 750.540e, and being a second offense habitual offender, Mich. Comp. Laws § 769.10.  On May 30, 2018, Petitioner pleaded no contest to extortion and the prosecutor dismissed the malicious use of service charge and the habitual offender enhancement.  (*See* ECF No. 13-5.)  On June 25, 2018, he was sentenced to 37 months to 20 years in prison.  (*See* ECF No. 13-7.)

Petitioner was appointed appellate counsel on July 13, 2018.  (*See* ECF No. 13-9, PageID.505.)  Four days later, on July 17, appellate counsel filed a timely notice of appeal.  (*See* ECF No. 13-1, PageID.301.)  On November 20, 2018, appellate counsel moved in the trial court to vacate his appointment, stating that, after reviewing the record with Petitioner, Petitioner "determined that he did not wish to pursue an appeal."  (*See* ECF No. 13-9, PageID.505.)  Petitioner also signed an Authorization to Dismiss Appeal.  (*Id.* at PageID.506.)  The trial court granted the motion.  *See* Order Granting Mot. to Vacate Appointment of Appellate

2

Counsel, No. 18-265948 (Oakland County Cir. Ct. Nov. 20, 2018) (ECF No. 13-20).

In December 2022, Petitioner filed a motion for relief from judgment in the trial court, which denied the motion. *People v. Petersmark*, No. 18-265948 (Oakland County Cir. Ct. Dec. 6, 2022). Petitioner then filed a delayed application for leave to appeal, which the Michigan Corut of Appeals denied. *People v. Petersmark*, No. 367176 (Mich. Ct. App. Aug. 23, 2023). He next sought leave to appeal in the Michigan Supreme Court, which denied the application on January 4, 2024. *People v. Petersmark*, 513 Mich. 973 (Mich. Jan. 4, 2024).

Petitioner filed this habeas petition on April 2, 2024.[2] Respondent has filed a motion to dismiss arguing that the petition is untimely. (ECF No. 12.) Petitioner has filed a response to the motion. (ECF No. 18.)

## II. DISCUSSION

Respondent moves to dismiss the petition on the ground that it is barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, provides a one-year statute of limitations for habeas

---

[2] Petitioner later filed a second habeas petition challenging the same extortion conviction at issue in this case. *See Petersmark v. Christiansen*, No. 24-11464. Respondent incorrectly states that the second-filed case was consolidated into this case. (*See* ECF No. 12, PageID.282.) In fact, the Court denied Respondent's motion to consolidate and dismissed the second-filed case without prejudice as duplicative. *See* Op. and Order Den. Resp't's Mot. to Consolidate and Dismissing Pet. Without Prejudice, No. 24-11464 (ECF No. 12).

3

petitions. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on June 25, 2018. Because he did not pursue a direct appeal of his convictions in the state courts, his convictions became final when the time for filing a delayed application for leave to appeal with the

4

Michigan Court of Appeals expired six months later, on December 26, 2018.[3] *See* Mich. Ct. R. 7.205(G)(3); *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 460-61 (6th Cir. 2012) ("Because Keeling failed to pursue direct review all the way to the [state] Supreme Court, his judgment became final at the expiration of the time for pursuing direct review in state court."). The one-year limitations period commenced the following day and expired one year later, December 27, 2019.

Petitioner signed and dated his petition on April 2, 2024, and it is considered filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The petition was filed over four years after the limitations period expired. Petitioner filed a motion for relief from judgment in the trial court after the limitations period expired. While the filing of a state-court motion for collateral review tolls a limitations period that has not yet expired, it does not start the limitations period anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

The one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)

---

[3] Six months from the date of sentencing is December 25, 2018. Because the last day for filing fell on a court holiday, the six-month time for filing an appeal was extended to the following day, December 26, 2018. *See* Mich. Ct. Rule 1.108(1).

5

(internal quotation marks omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Neither the petition nor Petitioner's response to the motion to dismiss assert an argument for equitable tolling. The Court sees no evidence in the record that some extraordinary circumstance prevented Petitioner from filing a timely habeas petition. The Court therefore declines to equitably toll the limitations period. The petition was not timely filed and will be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies relief on procedural grounds without addressing the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

6

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In this case, jurists of reason would not find the Court's procedural ruling that the habeas petition is untimely debatable.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the motion to dismiss (ECF No. 7) and **DISMISSES** the petition for writ of habeas corpus. The Court **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

Dated: August 14, 2025		s/F. Kay Behm
		F. Kay Behm
		United States District Judge